WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Bridgeman,<br><br>             Plaintiff,<br><br>vs.<br><br>CitiMortgage Inc., et al.,<br><br>             Defendants. | No. CV11-1106-PHX DGC<br><br>**ORDER** |

All defendants except Provident Funding Associates LP move to dismiss. Doc. 8, The Court will refer to moving defendants as Defendants or Moving Defendants for purposes of this order. Plaintiff opposes through counsel (Doc. 11), and Defendants have filed a reply (Doc. 13). The Court will grant the motion as stated below.

**I.     Background.**

This civil action challenging foreclosure, filed by Plaintiff in Arizona Superior Court for Maricopa County (Doc. 1-2), was removed to this Court by Defendants on grounds of diversity jurisdiction (Doc. 1 at 3). Although Defendant Shelley Boek is a resident of Arizona, Defendants assert that she was fraudulently joined. *Id.* at 4-6. Defendant Provident Funding Associates LP did not join in the removal, but Plaintiff did not seek remand on this ground.

The complaint pleads ten counts: (1) declaratory judgment; (2) injunctive relief; (3) breach of the covenant of good faith and fair dealing, alleged against Defendants

CitiMortgage, CitiGroup, and MERS; (4) breach of contract, alleged against Defendant CitiMortgage and an unnamed trustee; (5) breach of contract, violation of statute, and lack of agency authority, alleged against all defendants; (6) breach of contract and lack of authority, alleged against MERS; (7) breach of contract, alleged against all defendants; (8) wrongful foreclosure, alleged against MERS, CitiMortgage, and an unnamed trustee; (9) challenge to A.R.S. § 33-811(B) as violating the Arizona Constitution's separation of powers doctrine, alleged against all defendants; and (10) breach of contract, alleged against all defendants.  Doc. 1-2.

## II. Discussion.

### A. Summary of Defendants' Arguments.

Defendants move to dismiss on several grounds, some overarching and some specific.  Defendants argue that the complaint violates Rule 8's fair notice requirement because it is disorganized, and also argue that all claims are barred by A.R.S. § 33-811(C).  Doc. 8 at 4-6.  Defendants further assert that all claims must be dismissed because: (1) Defendants are not required to present the note before they may proceed with a trustee sale; (2) securitization was permitted by the deed of trust and, in any case, does not affect Plaintiff's obligations; (3) MERS is a valid beneficiary under the deed of trust; and (4) the consent order alleged in Count 3 does not create a private right of action.  *Id.* at 7-11.  In the alternative, Defendants argue that the claims against Citigroup and MERSCORP should be dismissed because parent companies are not liable for subsidiaries' acts absent involvement, and that Shelley Boek must be dismissed as a party because no facts were alleged showing Boek is personally liable under an alleged cause of action.  *Id.* at 11-12.

Defendants further assert that specific counts fail because: (1) Count 3 has not alleged Plaintiff was deprived of a benefit flowing from the note and deed of trust; (2) Counts 4, 5, 6, 7 and 10 fail because no breach has been alleged, no damages have been alleged, and the foreclosure sale has not yet occurred; (3) Count 5 fails because

MERS assigned its rights as beneficiary to CitiMortgage, CitiMortgage was the only beneficiary, and CitiMortgage signed the substitution of trustee; (4) Counts 8 and 9 are not ripe because the foreclosure sale has not yet occurred; and (5) Counts 1 and 2 fail because Plaintiff lacks standing to obtain equitable remedies of declaratory and injunctive relief, and declaratory relief is not proper where the complaint fails to state a claim. *Id.* at 13-17.

### B.  Plaintiff's Arguments, and Discussion.

#### 1.  Preliminary Matters.

Plaintiff responds seeking leave to amend, but does not attach a copy of the proposed amended complaint as required by Local Rule 15.1. Leave to amend will therefore be denied without prejudice, and Plaintiff may file a proper motion for leave to amend in due course. The Court will rule on such motion once it has been fully briefed.

Plaintiff fails to address the argument that Shelley Boek was fraudulently joined to avoid federal diversity jurisdiction. The Court will therefore dismiss the claims against Ms. Boek without prejudice and retain diversity jurisdiction.

#### 2.  *In re Veal.*

Plaintiff asserts as a general matter that *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011), recently held that the Uniform Commercial Code ("UCC") applies to non-judicial foreclosures, that the deed of trust follows the note, and that the right to enforce the note is critical to foreclosure. Doc. 11 at 2-3. Plaintiff reads *Veal* out of context. *Veal* concerned the issues of standing to assert proofs of claim in a bankruptcy proceeding and standing to seek leave from a bankruptcy stay. 450 B.R. and 902. The burden in each case was on the creditor and movant, respectively, and the court held the burden was not met. *Id.* at 922. The court assumed without deciding, as a result of assumptions made by the parties, that the UCC governed the note at issue. *Id.* at 908-09 ("Here, the parties assume that the Uniform Commercial Code ('UCC') applies to the note."). Moreover, although Arizona law governed the analysis of real parties in interest as to the note, *id.* at

920-21, Illinois law governed the analysis on mortgage enforcement, *id.* at 916. (The real property at issue in *Veal* was located in Illinois. 450 B.R. at 902.).

By contrast, this case involves non-judicial foreclosure of property under the power-of-sale clause in a deed of trust governed by Arizona law. Plaintiff fails to explain why this Court should consider Illinois law when adjudicating rights under an Arizona deed of trust, or why *Veal* is controlling in this case. Because *Veal* is materially distinguishable, the Court concludes that it does not control. Plaintiff's response regarding the enforceability of the note as related to foreclosure (Doc. 11 at 3-7, 11-12) is equally inapposite because he has not shown foreclosure was attempted or made here pursuant to the note rather than the deed of trust. Although the security is incident to the debt under Arizona law, Plaintiff conflates the concepts of "note" and "debt," which are distinct under Arizona law. *Silving v. Wells Fargo Bank, NA*, ___ F. Supp. 2d ___, 2011 WL 2669246, *9 (D. Ariz. July 7, 2011).

### 3. Remaining Matters.

Plaintiff also argues that CitiMortgage cannot foreclose on the deed of trust because it does not appear in the chain of title and the original lender did not record the substitution of trustee. Doc. 11 at 8-11. Plaintiff fails to persuasively address Defendants' argument regarding MERS's ability to assign the original lender's interest to CitiMortgage (*e.g.,* Doc. 8 at 9-10), and Plaintiff's citations to non-Arizona law are unavailing (Doc. 11 at 13-14).

Plaintiff fails to address the other arguments made by Defendants. Although the Court does not conclude that all of Defendants' arguments are sound law, Plaintiff waived opposition for purposes of this motion on arguments to which responses were not given.

### III. Conclusion.

For the reasons above, the claims against Moving Defendants shall be dismissed without prejudice. The motion for attorney fees is denied because Defendants have not

yet shown they are the successful parties in the contract claims, and have not argued why the Court should exercise its discretion to award fees under A.R.S. § 12-341.01.

**IT IS ORDERED**:

1. The motion to dismiss (Doc. 8) is **granted** as stated above.
2. The motion for attorney fees (Doc. 8) is **denied**.

Dated this 1st day of September, 2011.

_____
David G. Campbell
United States District Judge